UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

  v.                                       **MEMORANDUM OPINION AND ORDER**
                                            Criminal No. 18-37(2) ADM

Joshua Larkin Reiter,

       Defendant.

___

Joshua Larkin Reiter, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Joshua Larkin Reiter's ("Reiter") Motion to Appoint Counsel [Docket No. 64] and Motion for Compassionate Release [Docket No. 65]. For the reasons set forth below, the Motions are denied.

## II. BACKGROUND

On March 7, 2018, Reiter entered a plea of guilty to a one-count Information charging Conspiracy to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 21 U.S.C. § 846. See Min. Entry [Docket No. 36]; Plea Agreement [Docket No. 39]. On March 13, 2019, Reiter was sentenced to a term of 100 months. Min. Entry [Docket No. 59]; Sentencing J. [Docket No. 60] at 2. The sentence was a significant downward variance from the applicable guideline range of 151 to 181 months. See Presentence Investigation Report [Docket No. 49] ¶ 118.

Reiter is currently incarcerated at Coleman Medium FCI, a medium security prison in Sumterville, Florida. His projected release date is October 20, 2024. See Federal Bureau of

Prisons Inmate Locator, https://www.bop.gov/ (last visited Oct. 19, 2020).

Reiter now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Reiter, age 46, argues that he has "respiratory medical problems" and fears he will contract the COVID-19 virus while in prison. Mot. Compass. Release at 1. Reiter also requests that he be appointed counsel to advise him on his eligibility for a compassionate release sentence reduction.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Reiter does not state whether he has submitted a compassionate release request to the prison staff and the warden.

Even if Reiter could establish that he has satisfied the exhaustion requirement of § 3582(c)(1)(A), he has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Reiter states that his age, respiratory medical problems, and conditions at the prison cause him to fear for his life. However, Reiter does not identify the nature or severity of his respiratory issues and has not shown that he suffers from a health condition that the CDC has recognized as increasing the risk of severe illness from COVID-19. See CDC, Coronavirus Disease 2019: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 19, 2020). Additionally, although the risk of getting severely ill from COVID-19 increases with age,

Reiter's age of 46 does not place him at a substantial risk of experiencing severe complications from COVID-19. See CDC, Coronavirus Disease 2019: Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Oct. 19, 2020). Thus, Reiter has not shown a particularized susceptibility to COVID-19.

The sentencing factors in § 3553(a) also weigh against reducing Reiter's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). When sentencing Reiter, the Court determined that a downward variance of 51 months to a term of 100 months imprisonment was necessary to carry out these sentencing goals. Releasing Reiter after he has served less than half his sentence would undermine these sentencing considerations.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Joshua Larkin Reiter's Motion for Compassionate Release [Docket No. 65] is **DENIED**; and

2. Reiter's Motion to Appoint Counsel [Docket No. 64] is **DENIED AS MOOT**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  October 19, 2020